IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EMILY ABEYTA NOLET,

                Plaintiff,             OPINION AND ORDER

v.

                                  16-cv-216-wmc

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

Plaintiff Emily Abeyta Nolet seeks judicial review under 42 U.S.C. § 405(g) of a final decision of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, denying her application for Supplemental Security Income (SSI) and Social Security Disability Insurance (SSDI) benefits. Abeyat Nolet contends that the administrative law judge ("ALJ") erred by (1) failing to find that she was entitled to a "closed period of disability" between February 8, 2012 and April 3, 2013, and (2) not addressing in his credibility assessment Abeyat Nolet's daily activities, the duration and intensity of her pain, and the side effects from her chemotherapy medications.

For the reasons set forth below, the court finds that there is not sufficient evidence in the record from which the ALJ could reasonably conclude that Abeyta Nolet was disabled between February 8, 2012 and April 3, 2013, and that the ALJ appropriately considered the relevant regulatory factors in assessing Abeyta Nolet's credibility. Accordingly, the court will affirm the final decision of the Commissioner, adopting the ALJ's finding that Abeyta Nolet was not entitled to SSI and SSDI.

BACKGROUND

Abeyta Nolet claims a disability onset date of December 16, 2011, caused by stage 3 breast cancer, neuropathy, anxiety, and depression. (AR 19-20, 228, 234.) She has past work experience as a fast food worker at McDonald's, a position that she held from February 2007 to her alleged disability onset date. (AR 26, 50.) Abeyta Nolet was 54 years old when she applied for benefits on March 6, 2012. (AR 17, 40.)

Following a diagnosis of an invasive ductal carcinoma in December 2011, Abeyta Nolet tried alternative healing methods for about three weeks in January 2012, and then started chemotherapy under the care of Dr. Michael Husak on February 10, 2012. (AR 22, 41, 313-14, 329-33, 508.) After three weeks of chemotherapy, she began having "flu like" symptoms, losing her hair, and experiencing changes in her fingernails (they started getting "yucky"), so she quit her job because she could no longer work around food. (AR 26, 50, 228-29.) On August 1, 2012, she underwent a left-side modified radical mastectomy, reporting only some arm pain during her post-operative visits on August 13 and 20, 2012. (AR 22, 474, 489, 497-504, 507, 963.) Because Abeyta Nolet's tumor grew during chemotherapy, she started radiation therapy on August 30, 2012, after which she experienced some itching in her chest and decided to stop treatment before completing the full recommended course. (AR 512-16, 527, 874, 963.)

Further, on October 30, 2012, Abeyta Nolet had a hysterectomy to remove a benign uterine mass, after which she experienced abdominal pain, although an abdominal examination two weeks after her surgery was normal. (AR 558, 570-71, 839, 847-48.)

After completing chemotherapy, Abeyta Nolet also began to experience numbness and tingling in her feet and pain that prevented her from standing for long periods, with

symptoms peaking in July or August 2012. (AR 43, 468, 963.) Finally, on December 24, 2012, Abeyta Nolet fell as a result of her neuropathy, displacing her distal radius and fracturing her ulna, and was placed in a short-term cast. (AR 982.) On January 8, 2013, she saw Dr. Bryan Larson, who replaced her cast to provide her with full range of motion in her fingers and elbow. Upon examination, Dr. Larson noted that Abeyta Nolet had mild discomfort with good digital and elbow motion. (AR 982.)

On February 5, 2013, Abeyta Nolet saw Dr. Christopher Bixler, a neurologist for her neuropathy, which was still only mildly uncomfortable at that point and not bad enough to require pain medication. (AR 963.) Dr. Bixler noted that Abeyta Nolet's symptoms should continue to improve over the next 18 months, but that she may not fully recover. (AR 964.) Also on February 5, Abeyta Nolet saw Dr. Larson, who noted that her arm fracture was healing well and that she could use a removable splint for the next two to four weeks, gradually increasing her activities. (AR 967.)

On February 7, 2013, a state agency physician, Dr. Pat Chan, conducted a review of Abeyta Nolet's medical records. Dr. Chan specifically considered Abeyta Nolet's reported symptoms of chemotherapy, including neuropathy, and concluded that although she would not have been able to work while undergoing chemotherapy, she was able to do so within one year of her alleged onset date. (AR 80.) This led Dr. Chan to conclude that as of December 15, 2012, she was capable of medium level work. (AR 73.)

On March 19, 2013, Abeyta Nolet also saw Dr. Husak, complaining about pain and discomfort in her lower extremities and asking him for a release to return to work. He issued her a slip for part-time work limited to standing for only 30% of the time. (AR 954-55.) She returned to work on a part-time basis on April 3, 2013. (AR 50.) Although

3

Abeyta Nolet continued to report pain and tingling in her feet in 2013, Dr. Husak's office noted on October 31, 2013, that she was asymptomatic and capable of full activity without any restrictions. (AR 934.)

ALJ'S DECISION

On April 4, 2014, the ALJ held an administrative hearing at which Abeyta Nolet appeared with counsel. (AR 17.) The ALJ issued a written decision on December 19, 2014, finding Abeyta Nolet was not disabled from December 16, 2011, through the date of his decision. While the ALJ found that Abeyta Nolet was severely impaired by breast cancer, a mastectomy and neuropathy,[1] he determined that she had the RFC to perform medium work when limited to occasional overhead reaching with her left arm and avoiding concentrated exposure to moving machinery and unprotected heights. (AR 19-20.)

In reaching this decision, the ALJ found persuasive Dr. Chan's opinion that Abeyta Nolet was capable of medium level work and Dr. Husak's opinion that she was asymptomatic. (AR 25.) The ALJ also found it significant that she did not seek treatment for what she and her providers described as mild neuropathy, and that none of her treating physicians opined that she was unable to work. (AR 24.) In contrast, the ALJ gave little weight to letters of support provided by Abeyta Nolet's roommate (AR 244-46) and sister (AR 257-58) because their statements were not specific as to the dates, duration, or frequency of Abeyta Nolet's symptoms, and neither is a trained medical provider nor a disinterested third party. Relying on the testimony of a vocational expert, therefore, the

---

[1] Abeyta Nolet has not challenged the ALJ's finding that an acceptable medical source did not diagnose her with anxiety and depression. (AR 20.)

4

ALJ found that Abeyta Nolet was capable of working in the representative occupations of cleaner, laundry worker, and machine feeder. (AR 27.)

OPINION

I. Closed Period Disability

Abeyta Nolet argues that the ALJ erred by failing to consider whether she had been disabled for a closed period of at least 12 months, even if she was not still disabled by the time of the ALJ's decision. A claimant need not be disabled as of the date of the hearing in order to qualify for disability benefits. "It is a fundamental principle in social security jurisprudence that a claimant does not need to have a current disability to qualify for benefits." *Calhoun v. Colvin*, 959 F. Supp. 2d 1069, 1075 (N.D. Ill. 2013); *see also Masso v. Colvin*, 2015 WL 3687106, at *6 (N.D. Ill. June 10, 2015); *Brown v. Massanari*, 167 F. Supp. 2d 1015, 1016–17 (N.D. Ill. 2001). Rather, a claimant is entitled to disability benefits if she is disabled for any continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A) (defining "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months"). Even if the ALJ finds that Abeyta Nolet is not disabled as of the date of the decision, therefore, the question remains whether she "was unable to engage in substantial gainful activity for any continuous period of at least 12 months since the alleged onset date." *Reed v. Colvin*, 2015 WL 4921614, at *7 (N.D. Ind. Aug. 18, 2015), *aff'd*, 656 F. App'x 781 (7th Cir. 2016).

Abeyta Nolet argues that the ALJ erred by failing to consider the possibility of a closed period of disability at least from February 8, 2012 through April 3, 2013. However,

5

the record contained very few medical records discussing Abeyta Nolet's symptoms during this period, and there are no opinions from her treating physicians regarding her ability to work, apart from a temporary light work *restriction* that Dr. Husak issued on March 19, 2013, which limited her to occasional standing. Moreover, even that restriction was issued less than one month before the end of Abeyta Nolet's alleged closed period of disability ended and a little over a month after the neurologist, Dr. Bixler, noted that Abeyta Nolet's neuropathy was not severe enough to that require pain medication. Further, the ALJ relied on the February 2013 opinion of Dr. Chan, who reviewed Abeyta Nolet's treatment during the claimed closed period and concluded that none of the symptoms resulting from her chemotherapy and subsequent mastectomy lasted longer than twelve months. Although Abeyta Nolet argues that the ALJ erred in not considering the effects of her right arm injury and uterine cyst during the relevant period, the ALJ reviewed these issues in his written decision (AR 22-23) but discounted them because the record shows that neither condition lasted more than a month or two or resulted in any noted limitations.

In the end, the facts here are distinguishable from other cases in this circuit that have reversed due to an ALJ's failure to consider a closed period of disability. *Reed*, 2015 WL 4921614, at *7 (finding same). In *Brown*, the ALJ relied heavily on a doctor's opinion from nearly three years *after* the alleged onset date, 167 F. Supp. 2d at 1020; and the ALJ's conclusion in *Calhoun* was "based in substantial part on extremely recent evidence," making it unclear whether the ALJ would have found the same limitations during an earlier closed period of disability, 959 F. Supp. 2d at 1075. In *Fleming v. Astrue*, 448 Fed. App'x 631 (7th Cir. 2011), in contrast, the Court of Appeals for the Seventh Circuit found that the ALJ adequately considered a closed period of disability where he relied on medical records

6

and an assessment by a state-agency physician from within the proposed period of disability. *Id*. at 634. Similarly, in *Schumacher v. Barnhart*, 196 F. Supp.2d 716 (N.D. Ill. 2002), the ALJ cited substantial evidence from within the proposed period in formulating the RFC. *Id.* at 724.

In this case, the ALJ's reliance on Dr. Chan's opinion and the contemporaneous treatment records from the alleged closed period of disability provide sufficient evidence in the record from which the ALJ could reasonably conclude that Abeyta Nolet was not disabled during at least part of any continuous 12-month period between February 8, 2012 and April 3, 2013. Accordingly, plaintiff has not demonstrated an error requiring remand on this basis.

## II. Credibility

In a very brief argument, Abeyta Nolet also contends that the ALJ failed to consider the required factors for evaluating the credibility of her subjective complaints, which include daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations. *See* 20 C.F.R. § 416.929(c)(3). In a somewhat conclusory manner, Abeyta Nolet specifically argues that the ALJ did not evaluate her daily activities, discuss her testimony about her pain or ability to work only part-time, or address the side effects of her five-month chemotherapy treatment. Yet she fails to elaborate in any detail what evidence in the record the ALJ failed to consider or how his analysis was otherwise inadequate. *See Wehrs v. Wells*, 688 F.3d 886, 891 n. 2 (7th Cir. 2012) (undeveloped and unsupported arguments are considered waived).

In any event, Abeyta Nolet's contention is contradicted by the ALJ's extensive and accurate review of her medical records, as well as discussion of the hearing testimony and function reports in which she reported her pain, limitations, side effects, and daily activities. Based on this review, the ALJ found that her severe symptoms occurred during discrete periods centered first around undergoing or recovering from chemotherapy in February of 2012, then her mastectomy in August of 2012, and finally her hysterectomy in October of 2012. (AR 21, 24.) While the ALJ *might* have found plaintiff's claim of ongoing disability for a continuous 12-month period to be credible in light of this series of significant setbacks, but the record supports his contrary finding as well, and plaintiff has not shown that the ALJ erred in failing to consider the regulatory factors in assessing the credibility of her subjective complaints.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Emily Abeyta Nolet's application for disability benefits and supplemental security income is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 8th day of June, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge